**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 25-4501**

―――――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMIE EWINGS,

        Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:25-cr-00141-TDS-1)

―――――――――――

Submitted:  February 20, 2026                    Decided:  March 2, 2026

―――――――――――

Before WILKINSON, GREGORY, and QUATTLEBAUM, Circuit Judges.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:**  Eugene E. Lester, III, LESTER LAW, Greensboro, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, Karla E. Painter, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamie Ewings pleaded guilty, pursuant to a written plea agreement, to a single-count criminal information charging her with theft of government property, in violation of 18 U.S.C. § 641. The district court sentenced Ewings to 13 months' imprisonment, below her advisory Sentencing Guidelines range of 18 to 24 months' imprisonment. On appeal, Ewings's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Ewings's guilty plea was knowing and voluntary and whether Ewings's sentence of imprisonment is procedurally and substantively reasonable. Although notified of her right to do so, Ewings has not filed a pro se supplemental brief. For the reasons stated below, we affirm.

Counsel first questions whether Ewing's guilty plea is valid. Because Ewings did not attempt to withdraw her guilty plea or otherwise challenge the knowing and voluntary nature thereof in the district court, we review the district court's acceptance of Ewings's guilty plea for plain error only. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). Our review of the record leads us to conclude that the district court conducted a thorough Fed. R. Crim. P. 11 colloquy and that Ewings's guilty plea was knowing, voluntary, and supported by an independent factual basis. Ewings is thus not entitled to relief from her guilty plea.

2

Counsel next questions whether Ewings's 13-month sentence is procedurally and substantively reasonable. "We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In performing that review, we first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.*

If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

We are satisfied that Ewings's sentence of imprisonment is procedurally reasonable. The district court correctly calculated the Guidelines range, thoroughly considered the § 3553(a) factors, provided a meaningful explanation for its chosen sentence, and

3

extensively addressed defense counsel's arguments for a lower sentence. *See Gall*, 552 U.S. at 49-51.

We also conclude that nothing in the record rebuts the presumption of substantive reasonableness afforded to Ewings's below-Guidelines 13-month sentence of imprisonment. *See Louthian*, 756 F.3d at 306. The district court emphasized that Ewings stole more than $200,000 from a government program intended to help people in need during the COVID-19 pandemic. The district court also stressed the need to deter others from engaging in similar theft schemes. Against the aggravating facts of this case, the district court weighed the mitigating facts, including Ewings's family life, her lack of criminal history, her education and work history, her use of some government funds to actually help others, and her agreement to pay restitution. After considering the aggravating and mitigating facts in the context of the § 3553(a) factors, the district court reasonably arrived at a sentence of 13 months. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors"). We therefore conclude that Ewings's sentence of imprisonment is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We thus affirm the district court's judgment. This court requires that counsel inform Ewings, in writing, of the right to petition the Supreme Court of the United States for further review. If Ewings requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

4

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ewings.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*